## LORD v. PUEBLO SMELTING & REFINING CO.

1. NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE — WHEN NONSUIT PROPER, AND WHEN CAUSE SHOULD BE SUBMITTED TO JURY — EVIDENCE.— It is proper for the court to grant a nonsuit or direct a verdict for the defendant where the issues involved in an action are negligence on part of the defendant, and contributory negligence on part of the plaintiff, when the evidence, considered in its most favorable light in behalf of the plaintiff, does not tend to show the defendant guilty of the negligence alleged against him; or when the evidence thus considered shows the plaintiff guilty of negligence which contributed to the alleged injury, and without which it would not have happened. But in all cases where there is testimony of negligence even of a single witness, or of facts and circumstances in the consideration of which there is room for substantial difference of opinion between intelligent and upright men, or where the evidence relating to contributory negligence is conflicting as to any substantial matter, the case should be submitted to the jury under appropriate instructions.

2. Deceased was employed as a carpenter in a smelting mill. To get to his work in the morning he was obliged to cross several tracks of railroad used by the defendant in transferring loaded and unloaded cars to and from the mill, and which were generally in use at that time of day. It was the custom of the employees to cross between the cars wherever an opening happened to be made. No regular opening was left for them, but there was an opening some distance up the track used by men in crossing with wheelbarrows. On the morning of the accident deceased attempted to cross between two cars about two feet apart, when the engine attached to one end of the train, which was not visible to him, started to back and caused the cars to come together, producing the injuries complained of. *Held* that, if the failure of the company to provide a safe passway was negligence, the deceased, by remaining at the works with full knowledge of the danger, and by attempting to cross, voluntarily assumed the risk, and that it was proper to direct a verdict for defendant.

3. In an action by the widow of deceased statements made by him immediately after the accident that it was caused by his fault are admissible on behalf of defendant.

*Appeal from District Court of Pueblo County.*

THE appellant, Maggie L. Lord, brought this action in the district court to recover damages against the appellee

on account of the death of her husband, Carlile Lord.
The defendant company was engaged in the business of
smelting and reducing ores, and in connection with its
business owned, controlled and managed numerous rail-
road tracks, cars and engines for the purpose of deliver-
ing ores, coke and other material to its smelting works.
Engineers and other trainmen were employed for the
purpose of running the engines and hauling cars.  De-
fendant also employed numerous carpenters for the pur-
pose of building and repairing its houses, sheds, shops,
etc., in and about the smelting works.   Carlile Lord, the
husband of plaintiff, was so employed by defendant as a
carpenter, and in going to his work one morning, about
7 o'clock, attempted to cross the railroad tracks, and was
caught between the cars, and bruised and wounded so
that he died two days thereafter.

Plaintiff, in her complaint, alleged that her husband's
death was caused by the negligence of the defendant
company, and that there was no want of care on the part
of deceased.   The alleged negligence was stated, in sub-
stance, as follows:  That the defendant habitually left an
opening between its cars across its tracks for its employees
to pass through from one part of its works to other parts
thereof, at or near a certain point on its tracks; that de-
fendant, not regarding its duty to provide safe courses
from one part of its works to other parts thereof, negli-
gently and carelessly left an opening which was unsafe,
and, knowing the same to be unsafe, permitted said open-
ing to be used as a passage-way without giving notice or
warning to deceased, or to others of its employees, of the
danger at said crossing; and that thereby deceased, with-
out any want of care on his part, and without knowing
of the danger at said crossing, while attempting to cross
the track at said point, was caught between the cars by
said cars being by defendant carelessly, negligently and
without any warning or signal, and with great force,
driven together.   The answer denied that defendant was

guilty of any negligence causing the injury, but alleged, on the contrary, that the deceased came to his death by his own negligence. The case was tried by a jury, and at the conclusion of the trial the court directed a verdict for the defendant. Plaintiff's motion for a new trial having been overruled, judgment was entered upon the verdict, and the plaintiff brings this appeal. The testimony shows that deceased attempted to cross the tracks near the smelting works at a time when the engineer and trainmen were engaged in their usual occupation of switching and placing defendant's cars. The cars between which he attempted to pass were standing from one to two feet apart, but came suddenly together just as he got between them. The engineer who moved the train was so situated that he could not see the point where the deceased attempted to cross the track. There was no public crossing at the place where deceased was injured, nor was there any certain or definite pathway at that point which the defendant company undertook to keep open for the safe passage of its employees.

Messrs. A. B. PATTON and D. F. URMY, for appellant.

Mr. CHARLES E. GAST, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The court having instructed the jury to return a verdict in favor of the defendant, the principal question presented for our determination is the propriety of such instruction under the evidence and circumstances of the case. Upon careful consideration we are of the opinion that the following rules may be generally relied upon in determining whether or not a case should be withdrawn from the jury when the alleged negligence of the defendant, as well as the alleged contributory negligence of the plaintiff, are involved in the issues.

*First.* If the evidence, in the most favorable light in which it may be reasonably considered in behalf of the

plaintiff, does not show, nor tend to show, the defendant guilty of the negligence causing the injury as alleged in the complaint, then the court may properly grant a nonsuit, or direct a verdict in favor of the defendant; but if there be testimony even of a single witness, or facts and circumstances properly shown in evidence by different witnesses, from which the jury may reasonably draw an inference of negligence, even though there be contradictory testimony by plaintiff's own witnesses bearing upon the question of negligence, then such question should be submitted to the jury under proper instructions.

*Second.* If the evidence, in the most favorable light in which it may be reasonably considered in behalf of the plaintiff, shows that the plaintiff was guilty of negligence which contributed to cause the injury as alleged, and without which the injury would not have happened, then the court may properly nonsuit the plaintiff, or direct a verdict in favor of defendant; but if the evidence be contradictory in any substantial matter on the question of contributory negligence, then such question should be submitted to the jury under proper instructions.

*Third.* When there is no conflict in the testimony bearing upon the subject either of negligence or contributory negligence, the court may, in a clear case, treat the question as one of law, and grant a nonsuit or direct a verdict; but when the determination of the question depends upon the inference to be drawn from a variety of facts and circumstances, in the consideration of which there is room for a substantial difference of opinion between intelligent and upright men, then the question should be submitted to the jury under appropriate instructions, even though there be no conflict in the testimony.

By the foregoing special rules it will be observed that we do not depart from the doctrine that questions of negligence, as well as contributory negligence, are generally within the province of the jury, which should not

be invaded by the courts except in the clearest of cases. Cooley, Torts, 666–671; Shear. & R. Neg. § 11; 2 Thomp. Neg. 1236; *Railroad Co. v. Holmes*, 5 Colo. 197; *Railroad Co. v. Martin*, 7 Colo. 592; *Railroad Co. v. Pickard*, 8 Colo. 163; *Railroad Co. v. Van Steinburg*, 17 Mich. 119. Applying these rules to the evidence in this case, we should hesitate to sustain the district court in directing a verdict on the ground that there was no evidence from which an inference of negligence might not be reasonably inferred against the defendant company. There were a great variety of facts and circumstances to be considered in determining whether or not the defendant company conducted its operations with due regard to the safety of the large number of workmen employed about its shops and moving trains. Were this the only difficulty in plaintiff's case we should feel constrained to give the case further examination before affirming the judgment of the court below. *Ryan v. Railway Co.* 60 Ill. 171.

The question of contributory negligence on the part of deceased seems easy of determination. He was in the employ of the defendant; he was familiar with the premises where he was injured; he knew the nature of defendant's business, and that its employees were, according to their usual custom, at the time and place of the accident, engaged in switching and poling cars; he understood that there was no definite or certain passage-way to be left open at the point where he attempted to cross the tracks of the railroad. Under such circumstances, to attempt to pass between cars only twenty inches apart, loaded with his tools and out of sight of the engineer, was a most perilous undertaking; and we must presume that he was aware of the danger when he voluntarily undertook the risk. It was broad daylight, and he was acting under no command or direction of any superior. Even if defendant's failure to provide a safe passage-way for its employees from one part of the works to another

was a neglect of duty, the plaintiff knew of such neglect, and voluntarily remained in the service of the defendant without any promise on its part to remedy the same. Shear. & R. Neg. § 11; *Behrens v. Railway Co.* 5 Colo. 400; *Railroad Co. v. Martin, supra; Kennedy v. Railway Co.* 10 Colo. 493.

The declarations of deceased are not admissible in evidence in behalf of plaintiff unless part of the *res gestæ;* but such declarations are competent when offered by defendant, and they affect the plaintiff in a case of this kind in the same way they would have affected deceased if he had lived and brought an action for the same injury.  1 Greenl. Ev. § 189; *Waldele v. Railroad Co.* 47 Amer. Rep. 41; Cooley, Torts, 264; Shear. & R. Neg. §§ 52, 301, 302, and notes; *Lewis v. Phillips,* 17 Ind. 108. The judgment of the district court is affirmed.

*Affirmed.*