JACKSON, RECEIVER, ETC. v. CRILLY.

1. CONTRIBUTORY NEGLIGENCE — WHEN A QUESTION OF LAW FOR THE COURT.— When a person negligently and without excuse places himself in a position of known danger, and thereby suffers an injury at the hands of another, to the production of which he has directly contributed, he cannot recover damages for the injury sustained. The question whether the plaintiff contributed to the injury of which he complains is for the jury to determine where a reasonable doubt ex-

ists as the facts involved, or the inferences to be drawn from them, and the measure of duty varies according to the circumstances of the case; but where the facts and inferences therefrom are undisputed, and the measure of duty determinate and the same under all circumstances, the question whether the plaintiff contributed to the injury is for the court to determine upon the facts.

2. NEGLIGENCE OF RAILWAY PASSENGER — DEFEATS ACTION FOR CAUSING DEATH.— A passenger on an excursion train, who seats himself on the rear end of the box of an open car, the end board not exceeding two and one-half inches in thickness, with his feet elevated by being placed on the seat directly in front of him, and with no possible opportunity of protecting himself in case of a sudden jolt of the car, when he might have found a safe seat in an adjoining car or stood up in the car in question, is guilty of contributory negligence as a matter of law; and, in an action for his death, caused by falling from his seat while the train was in motion, it is error to submit the question of contributory negligence to the jury.

3. CORONER'S INQUEST — EVIDENCE OF DECEASED WITNESS.— The testimony of a witness, since deceased, given at the coroner's inquest, is not admissible in favor of defendant on the trial for the alleged negligent killing, unless it appears that plaintiff had an opportunity to cross-examine the witness; and a recital in the offer of evidence that the respective counsel in this case were present at the inquest is not sufficient to prove that plaintiff had such opportunity, in the absence of a showing in whose behalf, in what capacity, or for what purpose the respective counsel were present.

*Appeal from District Court of Lake County.*

Mr. J. E. HAVENS and Messrs. WOLCOTT & VAILE, for appellant.

Mr. S. J. HANNA, Mr. OWEN PRENTISS and Mr. H. B. JOHNSON, for appellee.

RICHMOND, C.   This action was brought by appellee, plaintiff below, to recover damages for the death of John Crilly, her husband, while a passenger upon the train run and operated by the appellant as receiver of the Denver & Rio Grande Railway Company. The defendant, among other things, pleaded circumstantially that the death of Crilly was caused by his own contributory negligence.

The undisputed facts appear to be that the decedent,

Crilly, was one of a large number of persons who attended a picnic at or near Mitchell's station on the Red Cliff branch of the Denver & Rio Grande Railway. That on the day of the accident they left Leadville in the morning and rode safely to the grounds, and spent the day there in the usual manner. That three trains were run to and from the picnic grounds on that day. That Crilly and his friends, some of whom were witnesses in the case, waited until the last train was about to start for Leadville; that the train consisted of passenger coaches and open cars. That the car which Crilly and his friends entered to return to Leadville was an ordinary coal-car with a box about three feet deep, with seats across it on the inside, placed about eighteen inches from the top. That there were seats across each end of the car, the box of the car forming a back to these end seats. That upon entering the car Crilly seated himself upon the rear end of the box, and placed his feet upon the seat. The board or railing upon which he sat was about two and one-half inches thick. In this manner Crilly rode some twelve or fifteen miles over a mountainous country. That at a point between Malta and Leadville, and while running on an up grade, Crilly fell from the car and was killed.

The testimony of Patrick Cleary is that the car which Crilly and he entered to return to Leadville was crowded; that, failing to find a seat, Crilly sat on the back railing of the car, with his feet between two men who sat on the rear seat. Cleary himself was standing up.

The testimony of James Jolly was to the effect that the train left the grounds about seven or eight in the evening, when it was still light. That he climbed on the car after it was full. That Crilly got on after him, and sat next to him; that they were in their seats about a quarter of an hour before the train started. That Crilly had drunk a few beers during the day. Just after coming around the curve going up grade, there was a jar. That the jar was caused by the quickening of the speed. That he heard shouting and learned that Crilly had fallen. He said he could stand

on the seat, but could not stand on the floor except by crushing his way in so that it would be uncomfortable.

"Question. Then you could have stood up there? Answer. By crushing in. Q. By a little inconvenience? A. Yes, sir. Q. Instead of sitting on the end of the car? A. Yes, sir. Q. If you could have done that, Mr. Crilly could have done that also, couldn't he? A. Yes, sir."

Peter Jolly testifies that he stood up in the car, and that there was room for more to stand; that the train was running about ten or twelve miles an hour.

Joseph Burns testified that at the time of the accident the train was running smoothly. He did not notice any jolt or jar. The testimony also shows that the car next to the one in which deceased rode was not crowded.

The cause was tried upon the theory that the question of contributory negligence is necessarily one of fact for the jury. In this, we think, there was error. The testimony clearly shows that the deceased was in a place of known danger; that he put himself in this place of danger voluntarily, and, it may be said, recklessly. It is beyond all contradiction that the occupancy of the place of danger caused or contributed to his death. If he had been standing up or seated inside the box, or if he had, within the time after entering the car and ascertaining its crowded condition, and before the starting of the train, sought a position in the next or adjoining car, the lamentable accident would probable not have resulted. It is admitted by the testimony and by the strongest witnesses, and, it might be said, by the most willing witnesses, on the part of the plaintiff, that by a little inconvenience to himself he could have stood up in the car as others did, and thus avoided the accident. There was room for him if there were room for others, and he should have taken a place of safety. He was not an infant nor *non compos*. The liability of the company was conditioned upon the exercise of reasonable and proper care and caution on his part. Without the latter the former could not arise. He took upon himself the right

and privilege of riding on the rear end of a box-car, seating himself upon a board not exceeding in thickness two and one-half inches, with his feet elevated by being placed upon the seat directly in front of him, and with no possible opportunity of protecting himself in case of a sudden jolt or jar of the car; and we cannot escape the conclusion that his death was due to his own folly and recklessness. He himself was the author of his own misfortune. This is shown with as near an approach of demonstration as anything short of mathematics will permit. It is a well-known principle of law that where a man negligently and without excuse places himself in a place of known danger, and thereby suffers an injury at the hands of another, either wholly or partially by means of his own act, he cannot recover damages for the injury sustained. The contributory negligence which prevents recovery for an injury, however, must be such as co-operates in causing the injury, and without which the injury would not have happened. The true test is, Did the plaintiff's negligence directly contribute to the production of the injury complained of? If it did, there can be no recovery; if it did not, it is not to be considered.

"The question of negligence is ordinarily a question of fact, and ought to be submitted, under proper instructions, to the determination of a jury. Where the facts are disputed, where there is any reasonable doubt as to the inference to be drawn from them, or when the measure of duty is ordinary and reasonable care, and the degree varies according to the circumstances, the question cannot, in the nature of the case, be considered by the court; it must be submitted to the jury. But where the facts and inferences therefrom are undisputed, where the precise measure of duty is determinate,— the same under all circumstances,— where a rule of duty in a given exigency may be certified and accurately defined, the question is for the court, and not for the jury." *Dewald v. Railroad Co.* (Kan.), 24 Pac. Rep. 1101; *Railroad Co. v. Greiner*, 28 Amer. & Eng. R. Cas. 397; *Lord v. Refining Co.*, 12 Colo. 390.

The case of *Railroad Co. v. Hoosey*, 99 Pa. St. 492, is one somewhat similar to the case at bar. There a passenger in an excursion car was unable to find a seat, owing to the crowded condition of the cars. Although there was standing room inside, he stepped outside of the car while the train was in rapid motion, and placed himself on or near the edge of the platform, with his back against the window, holding on by an iron rail fixed to the car. In this position he rode for some minutes, when a jolt occurred, which threw him to the ground, and inflicted an injury upon him. Suit having been brought by him against the railroad company to recover damages for the injury done him, held, that he had been guilty of such negligence as to preclude his right of recovery, and that the court should have so instructed the jury.

In *Hogan v. Railway Co.*, 15 Amer. & Eng. R. Cas. 439, it was held that " when the facts found lead irresistibly to the conclusion of negligence or the absence of it, the inference of negligence or the absence of it is purely a conclusion of law; but where the facts found may leave the inference of negligence or no negligence in doubt, the question of negligence is for the jury, because other facts not found are necessarily to be considered and determined before the inference can properly be drawn."

Measuring the testimony of plaintiff's witnesses as above stated by the rule here announced, the court upon the trial might properly have granted defendant's motion for a nonsuit; and, as the testimony of the defendant's witnesses did not improve the plaintiff's case, the verdict and judgment cannot be sustained. *Horn v. Reitler*, 15 Colo. 316.

There is not in the complaint an averment that in thus providing the box-car for the accommodation of the excursionists the company was negligent or careless. Voluntarily, as one of those who on that day was engaged in the pursuit of pleasure, the deceased entered this crowded car, and assumed a dangerous position, notwithstanding the fact that the adjoining car had ample room in which he could

have, found convenience, comfort and safety, and seated himself on the rear end of the car, and in a position which any man of ordinary prudence ought to know was unsafe — ought to know that in case of the slightest accident or jolt he was liable to fall. No prudent man of ordinary intelligence, sober, in full possession of his faculties, with a due regard for his life, possessing some knowledge of journeying by railroad, and the liability to accident on occasions similar to the one in which deceased lost his life, could fail to conclude that a more perilous situation could not have been assumed by any one than that taken by Crilly.

The defendant offered in evidence what was conceded to be the testimony given by George H. Andrus before the coroner's jury at an inquest held on the body of John Crilly when "the respective counsel in this case were present." It was conceded, also, that the witness Andrus was examined and cross-examined and that he had since died; but it was not conceded nor proved in whose behalf, in what capacity, nor for what purpose the respective counsel were present at the coroner's inquest. Hence we cannot say that plaintiff had had an opportunity to cross-examine the deceased witness; and for this reason, if for no other, the court did not err in rejecting the testimony. 1 Greenl. Ev., § 163 *et seq.;* 1 Whart. Ev., § 177 *et seq.* We think the judgment should be reversed.

BISSELL and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*