JEREMIAH J. MURPHY *vs.* DAVID L. WEBSTER & others.

Suffolk.   January 29, 1892. — February 25, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Master and Servant — Due Care.*

At the trial of an action for personal injuries occasioned to the plaintiff, while
in the defendant's employ, by being struck by an elevator car in the defend-
ant's factory, there was evidence that the shipping-rod, by which the elevator
was operated, although within the well, was outside of the line of passage of
the elevator car; that being on the lower floor, while the elevator car was on the
floor above, the plaintiff took hold of the shipping-rod and shoved it up to bring
the elevator down; that it did not come; that he shoved again with the same
result; that he shoved the third time, and it came down on top of him; and that
he was struck on the upper part of his arms, and one leg was broken both above
and below the knee. *Held,* that there was no evidence of due care on the part
of the plaintiff, no necessity appearing for his putting any part of his body or
of his limbs in the line of the passage of the elevator car, and that he could not
maintain the action.

TORT for personal injuries occasioned to the plaintiff, while
in the defendant's employ, by reason of an elevator falling
upon him.

After the former decision, reported 151 Mass. 121, a trial was
had before *Hammond,* J., who ordered a verdict for the defend-
ants, and, at the request of the plaintiff, reported the case for
the determination of this court. If the ruling was wrong, the
verdict was to be set aside ; otherwise, judgment on the verdict.
The facts, so far as material, appear in the opinion.

*B. F. Butler,* (*J. C. M. Bayley* with him,) for the plaintiff.

*A. A. Strout,* (*C. E. Beale* with him,) for the defendants.

LATHROP, J.   When this case was last before us, the defend-
ants' exceptions were sustained, on the ground that the evidence
failed to show that the plaintiff was in the exercise of due care.
*Murphy* v. *Webster,* 151 Mass. 121.   At the subsequent trial in
the Superior Court, the judge ruled that the plaintiff was not
entitled to recover ; and the case comes before us on a full re-
port of so much of the evidence as relates to the question of due
care on the part of the plaintiff.

We are unable to see how the evidence in this respect dif-
fers in any material way from the evidence which was before

presented to us.   The evidence shows that the shipping-rod, although within the elevator well, was outside of the line of passage of the elevator car.

The plaintiff testified that, when he stood on the lower floor of the building, the elevator car being on the floor above, he took hold of the shipping-rod and shoved it up, to bring the elevator down; that it did not come; that he shoved again with the same result; that he shoved the third time, and it came down on top of him.   He further testified that he was first struck on the upper part of his arms, and one leg was broken both above and below the knee.

No necessity whatever appears for his putting any part of his body or of his limbs in the line of the passage of the elevator car, and it is obvious that his arms could not have been struck as they were if they had not been in a place where he had no occasion to put them.

According to the terms of the report, there must be,

*Judgment on the verdict.*