GEORGE SMITH, PLAINTIFF IN ERROR, v. JOSEPH B. VAN SCIVER AND GEORGE A. MUNGER, PARTNERS TRAD-ING AS J. B. VAN SCIVER & CO., DEFENDANTS IN ERROR.

The plaintiff was engaged in taking bricks and mortar by an elevator up into a building being erected by a contractor or a sub-contractor of the defendants, who were the owners of the building and the elevator. The plaintiff was employed by the contractor, or sub-contractor, and after the elevator had been unloaded by means of a wheelbarrow operated by the plaintiff, on and along a narrow plank leading from the elevator to the scaffolding where other workmen were engaged, he walked hurriedly backward along the plank, without looking to see whether the elevator had descended or not, and fell into and down the shaft, and was injured. *Held*, that his conduct was such that he was chargeable with negligence contributing to his injury such as debarred him from a recovery of damages for his injuries, whatever negligence may have existed arising from other sources in sending the elevator down at the time when it descended.

---

On error to the Supreme Court.

For the plaintiff in error, *John W. Wescott* and *Francis D. Weaver*.

For the defendants in error, *Henry S. Scovel*.

The opinion of the court was delivered by

LIPPINCOTT, J.   The plaintiff in error sued the defendants to recover damages for personal injuries, alleged to have been received by him in falling down the shaft of an elevator in the building of the defendants.

The defendants were engaged in the erection of an addition to a building owned by them on Federal street, in the city of Camden, in this state.   One Finley, as a contractor or subcontractor of the defendants, was constructing the brickwork of this addition.   The plaintiff was engaged as one of the workmen of Finley, in taking brick and mortar up into the building by an elevator, which had been constructed by the defendants in the building; the defendants were also at times using the elevator for other purposes, and they by such use had to some extent interfered with or delayed Finley in his work.   On May 12th, 1890, the day of the accident and injury to the plaintiff, Finley had remonstrated against this interference and delay, and one of the defendants in the presence of the plaintiff told Finley to go ahead with his work, and that he should not be further disturbed in the use of the elevator.   Finley then directed the plaintiff to proceed with its use in the work of carrying bricks and mortar up into the building.   The bricks and mortar were taken up in loads on the elevator, and then taken out in a wheelbarrow along and on a narrow plank to the scaffolding on which other workmen were engaged.   On this day, after the last load was taken up, the plaintiff proceeded in the usual manner to take it from the elevator, along this narrow plank to the scaffold, and after emptying the last wheelbarrow load, he, without looking to see if the elevator was still there, walked backward, hurriedly, along the plank and into the elevator shaft, the elevator for some purpose or other having descended.

It does not appear by the evidence whether the elevator was lowered by the workmen of the defendants or the workmen under Finley.   The only evidence in the case is that of the plaintiff, and it is in substance that this was his last load

for the day; that he looked at the hour, and saw that it was about time to quit—that he had but a few minutes to get down and clean up and get away on time, and that he came hurrying backward along the plank, thinking that everything was all right, and backed into the shaft of the elevator. In his evidence he emphasizes the fact that he was hurrying backward. The plaintiff was seriously injured.

The trial justice, upon these facts, determined that the plaintiff was guilty of negligence contributing to his injury, and, on motion of counsel for defendants, directed a judgment of nonsuit to be entered. The plaintiff, by his writ of error, seeks a reversal of this judgment.

A discussion of the question of whether the defendants were guilty of any neglect of their duty to the plaintiff, contributing to his injury, seems to be entirely useless. There exists no phase of the case, as presented, under which the plaintiff can be entitled to a recovery.

Whatever relations, arising out of the facts, subsisted between him and the defendants, he was bound to exercise reasonable care in his conduct to avoid injury, and a failure on his part to exercise that degree of care, resulting in injury, leaves him remediless. He was in no event insured against accident and injury, and his own evidence reveals that in the presence of dangers obvious and inseparable from his occupation and position, he was guilty of a high degree of carelessness, contributing directly to the accident by which he was injured. His conduct on this occasion was such as would be condemned as negligent by men of ordinary care and prudence, and contributing as it did to his injury, under principles well established in this state he is debarred from a recovery. If he had not been negligent he would not have received any injury from negligence arising from any other source. *Central Railroad Co.* v. *Moore,* 4 *Zab.* 824; *New Jersey Express Co.* v. *Nichols,* 4 *Vroom* 434; *Pennsylvania Railroad Co.* v. *Righter,* 13 *Id.* 180; *Pennsylvania Railroad Co.* v. *Matthews,* 7 *Id.* 531; *Delaware, Lackawanna and*

*Western Railroad Co.* v. *Toffey,* 9 *Id.* 525; *Smith* v. *Irwin,* 22 *Id.* 507; *Gaffney* v. *Brown, 150 Mass.* 479; *Beach Con. Negl.,* § 301.

The judgment of nonsuit must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS, SMITH, TALMAN. 13.

*For reversal*—None.