PATRICK F. DEGNAN *vs.* EBEN D. JORDAN & others.

Suffolk.   January 23, 24, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Due Care — Report of Case — When Verdict to be
set Aside.*

If an elevator tender is wanting in due care in exposing himself to injury from
the sudden descent of the elevator, he cannot recover in an action for personal
injuries against his employer.

Even if in the report of an action for personal injuries there are material errors
prejudicial to the plaintiff in a ruling in regard to the admission of testimony, a
verdict directed for the defendant on the ground that the plaintiff was not in
the exercise of due care will be set aside only in case there is evidence to war-
rant a finding of due care on his part.

TORT, for personal injuries occasioned to the plaintiff while
in the defendants' employ as an elevator tender.  Trial in the
Superior Court, before *Hammond,* J., who, at the defendants'
request, ruled that the action could not be maintained, directed
a verdict for the defendants, and, at the plaintiff's request,
reported the case for the determination of this court.   If the
ruling was right, the verdict was to be set aside, provided there
was evidence to warrant a finding of due care on the part of the
plaintiff ; otherwise, judgment was to be entered on the verdict.

*W. Schofield & A. E. Burr,* for the plaintiff.

*J. Lowell, Jr., (S. H. Smith* with him,) for the defendants.

MORTON, J.   The plaintiff was, at the time of the accident,
an elevator tender in the employ of the defendants, and was
forty-three years of age.   He had been at work running the ele-
vator about a fortnight, and, as he testified, understood the busi-
ness fairly well.   On the morning of the accident, he found the
elevator below the level of the street floor, and tried, without
succeeding, to open the door.   Then he went down into the
basement, as he had been told by the engineer to do in such a
case.   There he met a man by the name of Feehiley, who told
him that he could not move the elevator.   Thereupon the plain-
tiff stooped into the elevator well under the elevator, which was
four or five feet from the floor, so that the whole upper part of

his body was under the elevator, for the purpose of reaching the elevator rope, which was in one corner, and as he pulled the rope the elevator came down on him, causing the injuries complained of. Neither the plaintiff nor Feehiley made any effort to report to the superintendent of elevators or to the engineer that there was anything wrong with the elevator. And we think that, in view of the notice he had from the situation of the elevator that something about it was probably out of order, his conduct in exposing himself to injury from its sudden descent was wanting in due care. *Murphy* v. *Webster*, 151 Mass. 121; *S. C.* 156 Mass. 48.

The plaintiff excepted to certain rulings in regard to the admission of testimony. But the manner in which the case is reported renders their consideration unnecessary. According to the report, even if there are material errors prejudicial to the plaintiff in the ruling in regard to the admission of testimony, the verdict is to be set aside only in case there is evidence to warrant a finding of due care on the part of the plaintiff.

*Judgment on the verdict.*