[No. 5275.]

[No. 2906 C. A.]

FARRIER v. THE COLORADO SPRINGS RAPID TRANSIT
RAILWAY COMPANY.

1. **Practice in Civil Actions—Negligence—Question of Fact or Law.**

Negligence or contributory negligence is, as a general rule, a question of fact for the jury, but may become a question of law for the court.—P. 335.

**2. Same.**

Whether negligence has been established is for the jury to determine under proper instructions, where the question is dependent on inferences to be drawn from acts and circumstances of that character that different intelligent minds may honestly reach different conclusions.—P. 336.

**3. Railroads—Street Cars—Actions for Injuries to Passenger—
      Question for Jury.**

In an action for injury to a street railway passenger due to another passenger so carrying a hoe that its handle caught under the hood of the forward car as it rocked up and down, and broke, hurling a piece back into the car, and striking him, the question of whether the conductor's failure to cause the passenger to place his hoe on the floor of the car or to carry it in some other position was negligence, is one for the jury.—P. 336.

**4. Railroads — Street Cars — Protection of Passengers from
      Other Passengers.**

A common carrier is under the same strict obligation to protect a passenger from the negligence or willful misconduct of a fellow passenger that it is to carry him safely.—P. 338.

**.5. Same—Negligence—Question for the Jury.**

Where a street railway passenger so carried a hoe that its handle caught under the hood of the forward car as it rocked up and down, and broke, hurling a piece back into the car and striking another passenger, the test of negligence by the carrier is whether, in view of the condition of the roadbed, the position of the trucks, the rocking motion of the cars, and all the surrounding conditions, the conductor ought, as a reasonable man, to have anticipated or foreseen, as a natural and probable result of the way in which the passenger held the hoe, that this or a similar accident would likely happen; and, in an action for the injuries so received, the evidence, under proper instructions, should be submitted to the jury to determine these questions of fact.—P. 340.

*Appeal from the District Court of El Paso County.*
*Hon. William P. Seeds, Judge.*

Action by Annie L. Farrier against The Colorado Springs Rapid Transit Railway Company. From a judgment for defendant, plaintiff appeals.

*Reversed.*

Mr. GEORGE GARDNER, for appellant.

Messrs. McALLISTER & GANDY, for appellee.

Action for damages for personal injuries, alleged to have been caused by defendant's negligence. From a judgment for defendant, plaintiff appeals.

The defendant company owns and operates a street railway between Colorado Springs and Manitou, with electricity as the motive power. On the day of the accident, the defendant was running from Colorado Springs to Manitou a train of cars consisting of a motor and an open trailer car, with seats in the latter running from side to side and about twelve in number, in which trailer, plaintiff, as a passenger for hire, occupied a seat near the center. The attachment between the two cars was an automatic coupler, in good order, which allowed a play of about an inch. When the cars were in motion, there was a space of about eight inches between the hood, or projecting top, of the rear end of the motor, and the same part of the front end of the trailer car.

At some point between Colorado Springs and Colorado City, C. E. Bennett, a plasterer by trade, in no way connected with defendant, who was on his way home from work, got on the train and took the end seat upon the front bench of the trailer. He had with him some plasterer's tools in a sack, and a shovel and a hoe which he carried in his hands. The handle of the hoe was a long one, and when he held it, as he did, in an upright position, the top of the handle of the hoe extended above the roof of the trailer. The hoe itself rested on the floor, and the top of the handle was held against the front end or hood of the trailer, projecting several inches above the same. Neither plaintiff, who saw Bennett, nor any of the passengers, had, or expressed, any expec-

tation or fear of any danger resulting to any passenger from the manner in which Bennett held the hoe. The conductor saw Bennett get on the car, and collected his fare, and, until the conductor went forward into the motor car to collect a fare, he had Bennett under his constant observation, and, during all this time, for several minutes, and while the train was running ten or twelve blocks, Bennett continued to hold the hoe handle against the hood of the trailer car, in which position no such accident would be likely to occur. The motorman was on the front platform of the motor car, and did not see or have his attention called to Bennett. While the conductor was engaged in collecting the fare, with his back towards the trailer, and Bennett, for the moment, was out of his sight, Bennett, it seems, becoming tired, let go of the handle of the hoe, so that its top rested upon the rear end of the hood of the motor car, the other end still being on the floor of the trailer. The evidence of plaintiff tended to show that the track along this portion of the road was rough. The trucks under these cars were in the middle, instead of at each end. When the train was traveling at a fair rate of speed, as it was on this day, because of the condition of the track and position of the trucks of the cars, there resulted a perpendicular rocking motion, and sometimes, while the rear end of the motor car was going up, the front end of the trailer car was going down. After the plaintiff relaxed his hold on the handle, the hoe itself still resting upon the floor of the trailer car, the end of the handle lay upon the rear end of the roof of the motor car. In the rocking motion of the cars, the handle was caught under the rim of the rear hood of the motor car, and broken, and a piece thereof was hurled backwards through the trailer

car and struck the plaintiff, inflicting the injuries to recover damages for which this action was brought.

Neither the conductor nor any of the passengers made any objection to the act of Bennett in taking his tools aboard, or the manner in which he held the hoe, and no suggestion was made by the conductor to Bennett to lay down the tools in a horizontal position on the floor, or to put them in any other position than the one in which they were first held.

The particular acts of negligence charged in the complaint are, that the approximate cause of the injury was in allowing Bennett to get upon the car with his tools, shovel and hoe, and in negligently permitting him to carry the hoe in a partially upright position, so that the handle thereof projected upwards and between the ends of the two cars.

Both plaintiff and defendant introduced evidence, and when they rested, the court, upon motion of its counsel, directed the jury to return a verdict for defendant; which was done, and judgment entered accordingly.

Mr. Justice Campbell delivered the opinion of the court:

The motion for a directed verdict was based upon seven specifications; and there is nothing in the record to show upon which ground or grounds the court rested its decision. It would seem, however, from the briefs of counsel, since to those points the argument is mainly directed, that the trial court was of opinion that the evidence failed to show that the defendant was guilty of the acts of negligence charged in the complaint; and that the approximate cause of the injury was the wholly independent, intervening negligent act of Bennett in dropping the hoe, for which defendant was in no way responsible.

The general rule is, that the negligence of a

defendant, or contributory negligence of plaintiff, is a question of fact for the jury. It may, however, become a question of law for the court. The circumstances in which a court may direct a nonsuit or a verdict for defendant in this class of cases, have been stated by this and other courts in different language.

In *D. & R. G. R. R. Co. v. Spencer,* 27 Colo. 313, we said: ''When the question of negligence is dependent upon inferences to be drawn from acts and circumstances of that character that different intelligent minds may honestly reach different conclusions on the question, it is for the jury to determine, under appropriate instructions, whether or not negligence has been established.''

In *Griffith v. Denver Consolidated Tramway Company,* 14 Colo. App. 504, it was said: ''Where the facts are not in dispute, and there can be but one opinion as to their effect, the question is one of law, and it is proper for the court to decide it.''

In *Lord v. Pueblo S. & R. Co.,* 12 Colo. 390, it was said: ''If the evidence, in the most favorable light in which it may be reasonably considered in behalf of the plaintiff, does not show, nor tend to show, the defendant guilty of the negligence causing the injury as alleged in the complaint, then the court may properly grant a nonsuit, or direct a verdict in favor of the defendant.'' And the court further said, in substance, what has already been quoted from the *Spencer case, supra.*

Other cases hold that if, under the most favorable light that can be taken of the evidence in plaintiff's favor, the court would feel bound to set aside a verdict in case the jury should find for him, the case should be withdrawn from the jury and a nonsuit, or verdict for the defendant, entered.

The difficulty is not so much in the ascertain-

ment of the correct rule applicable, as in applying it to the ever-varying facts of such cases as they arise. It is very rare indeed that a case presenting the same facts as the case in hand is obtainable, and, as might be expected, we have not found among those cited by counsel, or others which we have examined, one such as this.

Plaintiff maintains that the *Spencer case, supra,* and *Colorado Mortgage & Investment Company v. Rees,* 21 Colo. 435, are on all fours with this, and conclusive that the trial court erred in directing a verdict. While some of the questions therein and some of the principles involved are the same as here, the facts of each case are, in material respects, different. In the *Spencer case,* the approximate cause of the injury was the negligence of a servant of the railroad company in leaving in an exposed condition near to the track of an approaching train, a truck, which, colliding with the train, hurt one lawfully on the depot platform. In the *Rees case,* it was a defect in the construction of the lock of a door of an elevator, a failure of the owner to provide reasonably safe means of transit, by which a passenger was injured. Here, the negligence claimed is the failure of defendant's conductor to exercise the proper care and control over a fellow-passenger, whose act was such as to cause a reasonably prudent man to anticipate this, or a similar, accident, as the natural or probable result of the manner of holding the handle of the hoe by that passenger, which care, if exercised, would probably have prevented the injury.

It would serve no useful purpose to discuss at length the various cases *pro* and *con* cited by counsel, as none of them are of much aid, except as stating the general rule which measures the duty of a common carrier for hire to protect one passenger from another. It may be true, as defendant's coun-

sel say, that if Bennett, the fellow passenger, had continued to hold the handle of the hoe in the position it was when he was under the eye of the conductor, it would not be possible for such an accident to occur; and it may also be true that had the roadway been smooth and the trucks of these cars been at the ends instead of the middle, there would have been no reason to anticipate or foresee that the handle would likely be caught in the hood of the motor car and broken, and a piece thrown backward into the trailer. But, considering the condition of the track and the position of the trucks, and the consequent rocking up and down of these cars, of which there was evidence, and of which the conductor and the passengers were aware, we cannot say, as matter of law, that the consent which the conductor gave to Bennett to carry this hoe as he did was a proper exercise of control over a fellow passenger, or that his failure to cause Bennett to place his hoe on the floor of the car, or to carry it in some other position, was not negligence. It has been declared by our court of appeals, and we think it a correct statement, that a common carrier is under the same strict obligation to protect a passenger from the negligence or willful conduct of a fellow passenger that it is to carry him safely; hence, the authorities cited by defendant to the point that defendant was in no respect responsible for the acts of Bennett, are not applicable, for he was a fellow passenger of plaintiff, against whose negligence defendant was bound to shield her by the exercise of the utmost vigilance.

In *Wright v. Railroad Company,* 4 Colo. App. 102, the court, by Thomson, Justice, said: "It is now firmly established that a carrier of passengers must exercise the same degree of care to protect them from violence from their fellow passengers, or from intruders, that is required for the prevention

of casualties in the management and operation of its trains.'' And, as to this duty, there is no difference between mere negligence and willful misconduct.— *Ferry Companies v. White,* 99 Tenn. 256.

The rule to be extracted from the cases cited by the defendant itself is thus succinctly stated in *Flint v. Norwich,* 6 Blatch. 158, 161: ''The defendants were bound to exercise the utmost vigilance and care, in maintaining order, and guarding the passengers against violence, from whatever source arising, which might reasonably be anticipated, or naturally be expected to occur, in view of all the circumstances.''

The same rule is announced in *Putnam v. Railroad Companies,* 55 New York 108, cited to the point that no negligence of defendant was here shown. The court there said, substantially, that a defendant is bound to exercise all the means he can command, whenever occasion requires, to protect one passenger from another, and that if ''a passenger receives injury, which might have been reasonably anticipated or naturally expected, from one who is improperly received, or permitted to continue as a passenger, the carrier is responsible.''

See, also, *Cleveland v. New Jersey Steam Boat Co.,* 68 N. Y. 307; *Loftus v. Ferry Co.,* 84 N. Y. 455; *Morris v. Railroad Co.,* 106 N. Y. 678.

In *Cole v. German Savings and Loan Society,* 124 Fed. 113, Sanborn, Circuit Judge, discusses with marked ability the liability of a defendant in a case which, in some aspects, is like this, and, in the course of the opinion, refers to *Investment Co. v. Rees, supra,* in such a way as to indicate that, in all respects, the opinion therein does not meet with his approval. In case of conflict, our duty would be plain; but we think the *Cole case* can be distin-

guished from the *Rees case,* and certainly from the one in hand.

In the *Cole case,* the court said that the sole and approximate cause of the injury was the wanton act of a trespasser over whom defendant had no control, of whose presence it was unaware, and for whose acts it was not liable, and then laid down what, under the facts of that case, we consider to be the true doctrine; that if an injury could not have been foreseen or reasonably anticipated as the natural or probable result of an act of negligence, it is not actionable, because such act is neither the remote nor any cause whatever of the injury.

The test which the authorities furnish for this case is: In view of the condition of the roadbed, the position of the trucks, the rocking motion of the cars, and all the surrounding conditions, ought the conductor, as a reasonable man, to have anticipated or foreseen, as a natural and probable result of the way in which Bennett held his hoe, that this or a similar accident would likely happen? If so, there was negligence of defendant; if not, there was none.

We must not, however, be understood as holding, as matter of law, that the act of the conductor in permitting Bennett to get on the cars with his tools and suffering him to carry the hoe handle in the position he did, was a negligent act, or that it was the approximate cause of the injury. We merely say that, in the light of all the evidence, the case should have been submitted to the jury under appropriate instructions, to determine these questions of fact. The case, we admit, is on the border line; but we think it comes within the rule often announced by this court, which requires submission to a jury.

*Judgment reversed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.