[No. 5768.]

## The Colorado & Southern Railway Company v. Reynolds.

1. Master and Servant—*Contributory Negligence of Servant*—The promise of the master to correct a defective condition in the place of the servant's employment does not excuse the latter from the exercise of due care for his own safety, during the time allowed for reparation. If by reason of his own failure in that behalf, during such period, he receives an injury which would not have happened to him but for such neglect, he will not be allowed an action against the employer—(234).

Plaintiff was employed in defendant's pump-house. It was his duty, from time to time, to clean the air compressor. Around the air compressor was a narrow walk of cement, upon which oil escaping from the machinery would collect. There was no drip-pan to collect this oil, nor any guard-rail about the compressor. The presence of oil on the cement walk rendered the performance of the servant's duty a dangerous one. He knew the danger, appreciated it, and had repeatedly complained of it. The oil might easily be removed by sprinkling it with fine dust, and then sweeping the dust. Plaintiff, in order to clean the

compressor, assumed a stooping posture close to it, with one foot on the cement walk so covered with oil, and the other upon the bed of cinders which composed the rest of the floor. In rising after the completion of his task his foot slipped upon the oily surface of the cement, and he fell upon the moving machinery, receiving injury. Held that his failure to first remove the oil was negligence contributing to his injury, and defeated his action; that during the process of wiping, if he had covered the oil with dust, oil would have settled upon the cement was held not to take the case out of the rule that for the servant to adopt the more dangerous of two methods open to him, in performing his work, is negligence—(234, 237).

2. NEGLIGENCE—*When for the Court*—Where the facts are not in dispute, and unquestionably disclose negligence, it is the duty of the court to so declare as a matter of law—(236).

3. INSTRUCTIONS—In an action by servant against master for an injury attributed to the defective conditions of the palce of employment, the complaint set up and relied upon a promise to repair. The answer denied the promise and alleged contributory negligence and assumption of risk by the servant. An instruction that the burden of proving the servant's assumption of risk was upon the master was held error as permitting a verdict for the plaintiff, even though the promise to repair had not been established—(237).

*Appeal from Denver District Court*—HON. P. L. PALMER, Judge.

Mr. E. E. WHITTED and R. H. WIDDICOMBE for appellant.

Mr. GUY LE ROY STEVICK and Mr. L. WARD BANNISTER for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

This is an appeal by defendant from a judgment rendered against it in the sum of fifteen hundred dollars in an action by the plaintiff, Reynolds, to recover damages sustained by the alleged negligence of the railroad company. The basis of plaintiff's claim as set out in his complaint is, that for several months prior to his injury he had been employed by defendant in its pump-house in the City of Denver; that it was his duty, one-half of

each day, among other things, to operate, oil and clean an air compressor in the pump-house; that defendant negligently failed to maintain a guard-rail or other device about the compressor, so as to protect him from injury when operating or cleaning, or a drip-pan to catch and hold the oily matter escaping from the compressor, and collecting on the cement floor upon which it rested, which rendered the floor slippery; that in July of the year he was injured, he complained to the defendant of these conditions, and requested that they be remedied, at the same time informing the defendant that he was unwilling to remain in its employ unless the defects complained of were remedied; that defendant then and there promised to remedy them; that, relying on this promise, he remained in the employ of the defendant for the remainder of the month of July, and the whole of August succeeding; that during September he was employed by defendant in another pump-house, outside of the city; that on the first day of October he returned to his place of employment in the city; that shortly afterwards he complained of the conditions to which he had called attention in July; requested that they be remedied; stated that he was unwilling to continue in the service of defendant unless they were, and that the latter again promised to remedy them.   He then alleges that, relying on the promise of defendant, he continued in its employ, and a few days later, and before defendant had allowed a reasonable time to elapse within which to remedy the conditions complained of, while cleaning and wiping the yoke of the compressor, he slipped upon oily matter which came from this piece of machinery, and fell into the compressor and was injured.

The answer denied the negligence charged, and the promise to repair; and as affirmative defenses, alleged contributory negligence and assumed risk on the part of the plaintiff.

The replication denied all allegations of new matter set up in the answer.

It is to be observed that plaintiff, according to the averments of his complaint, had full knowledge of the defective conditions upon which he based the negligence of defendant, and appreciated the dangers to which he was thereby exposed; but that he sought to avoid the rule with respect to assumed risk by pleading a promise on the part of the defendant to repair. Notwithstanding this plea, and assuming that it was established by the evidence, did the testimony make a case entitling plaintiff to recover? A promise on the part of an employer to an employe to remedy a dangerous condition of which the employe has complained, does not excuse the employe from exercising due care to prevent injury to himself pending repairs.—*Miller v. Bullion-Beck C. M. Co.*, 18 Utah 358; *Gorman v. Des Moines Brick M. Co.*, 99 Iowa 259.

The important question, then, to determine, is whether or not the record discloses contributory negligence on the part of plaintiff, as claimed by the defendant. On this subject the rule is well settled, that where a plaintiff so far contributes to his injury by his own negligence or want of care and caution that but for such negligence or want or care and caution on his part, he would not have been injured, he is not entitled to recover.—*Colo. Central R. R. Co. v. Martin*, 7 Co o. 50 ?; *Colo. Central R. R. Co. v. Holmes*, 5 Colo. 197.

The complaint and evidence show that plaintiff had full knowledge of the conditions with respect to the compressor, and, if they were dangerous, appreciated the dangers from that source. The floor of the pumphouse was composed chiefly of cinders. Around the compressor was a cement strip of about eighteen inches in width. The compressor was about two feet in height. Considerable oil was used for lubricating this piece of machinery, a portion of which escaped when it was in motion, and was deposited on the cement strip. The

room in which plaintiff was employed was well lighted. One of his duties was to operate the compressor, and clean it when necessary, as well as remove the oil on the cement strip when on duty. The oil deposited on the cement strip was usually cleaned up by sprinkling with fine dust, and then sweeping it off. This could be done with perfect safety when the compressor was in motion. Near the end of his shift, plaintiff, according to his own testimony, was engaged in cleaning the compressor, which was the usual time for doing that particular work. He noticed that oil was deposited on the cement strip. He assumed a stooping posture, with one foot on the cinder floor, and the other partly in the oil, and proceeded to wipe the compressor. On arising, his foot which was in the oil slipped, and he fell forward, his hand coming in contact with the moving parts of the compressor, which occasioned his injury.

The promise of defendant to repair did not relieve plaintiff from exercising due care; that is to say, such care as an ordinarily prudent person would exercise under similar circumstances. Did he do so? We think not. He was aware of the presence of the oil on the cement, and the danger to be apprehended on that account. Instead of removing or avoiding it, he placed one foot partly in the oil, and proceeded to wipe the machinery, when, by removing it first, the danger of slipping would have been entirely avoided. He voluntarily placed himself in a position which he knew to be dangerous, to wipe the machinery, instead of first removing the oil from the cement, which, according to his claim, would have removed the danger to which he was exposed, because of the want of a drip-pan. Under the circumstances disclosed in this case, where a person has a choice of two methods of performing his work, the one safe and the other dangerous, and is aware of this fact, it is his duty to choose the safe method. If he does not, and chooses the method which necessarily exposes him to danger, which would have been avoided had he

chosen the other, and is injured, he cannot recover for such injury.—*Dandis v. So. Pac. R. Co.,* 42 La. Ann. 686; *Cen. Ga. Ry. Co. v. Mosely,* 112 Ga. 914; *Morris v. Duluth S. S. & A. Ry. Co.,* 108 Fed. 747; 1 Labatt on Master & Servant, § 333, p. 839.

Had plaintiff first removed the oil, he would not have slipped; consequently, he would not have been injured, although the drip-pan and guard-rail which he says defendant promised to furnish had not been supplied. In brief, his own injury was occasioned entirely by the want of due prudence on his part. Regarding this there can be no doubt. The facts will not permit of any other conclusion. When the facts are not in dispute, and unquestionably disclose negligence, it is the duty of the court to so declare, as a matter of law.—*Colo. Central R. Co. v. Holmes, supra; Lord v. Pueblo S. & R. Co.,* 12 Colo. 390; *C., B. & Q. R. R. Co. v. McGraw,* 22 Colo. 363; *Jackson v. Crilly,* 16 Colo. 103.

We therefore conclude, from the record before us, that the negligence of plaintiff was the proximate cause of his injury.

Counsel for plaintiff contend that because he testified that there was more oil deposited on the cement strip than he anticipated, and that to first wipe the compressor was the more efficient way to clean it, for the reason that to throw dust on the oil on the cement would cause some to settle on the compressor before it was cleaned, and that during the process of wiping some oil would be deposited on the cement, that, therefore, he exercised a judgment and discretion as to the manner of doing his work which takes the case without the rule we have announced. We do not regard this contention as tenable. The oil on the cement could have been removed with waste. The danger plaintiff apprehended was from the oil, and the absence of a guard-rail. This had not been remedied by supplying

a drip-pan to catch the oil, or the placing of the rail; and yet, with full knowledge of all these facts, and the dangers to which he was exposed, according to his own contention, we do not see how it is possible, from his own statements, to excuse him from voluntarily placing himself in a dangerous position, which could have been avoided by simply first removing the oil on the cement, instead of placing his foot partly in that substance, which, from its very nature, might cause him to slip—a condition which he says he had requested should be remedied by supplying a drip-pan.

But, even if a case had been made which justified its submission to the jury, the court erred in its instructions. The court instructed the jury that the burden of proving assumption of risk was upon the defendant. This was clearly error. According to the averments of the complaint, plaintiff appreciated the danger to which he was exposed. He pleaded a promise to repair, so as to avoid the assumption of risk on this score. If he did not establish this promise, then he could not recover, for the reason, as stated, that he assumed the risk of the danger to which he was exposed because of the absence of a drip-pan and guard rail. So that the case was submitted to the jury upon an issue not in the case, whereby they were permitted to find for the plaintiff, even though the promise to repair had not been established, upon the ground that defendant had not proved that plaintiff had assumed the risk of danger, and that defendant was negligent in failing, in the first instance, to equip the compressor with a drip-pan and guard rail.

The judgment of the district court is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

*Reversed and remanded.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL concurs upon ground that the instruction was erroneous.

Mr. JUSTICE MUSSER concurs in the conclusion.

Mr. JUSTICE HILL dissents.